In re UTICA FLOOR MAINTENANCE, INC., Debtor.

NIAGARA MOHAWK POWER CORPORATION, Plaintiff,

v.

UTICA FLOOR MAINTENANCE, INC., Defendant.

Bankruptcy No. 82 00049.
Adv. No. 83 0076.

United States Bankruptcy Court,
N.D. New York.

July 14, 1983.

Anthony J. Fazio, Syracuse, N.Y., for plaintiff.

Stephen D. Gerling, Utica, N.Y., for defendant.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

The instant case is before the Court on remand from the United States District Court for the Northern District of New York, 25 B.R. 1010. Judge McCurn has ordered this Court to determine whether a monetary security deposit is required to meet the statutory right of the Niagara Mohawk Power Corporation (hereinafter, NIMO) to adequate assurance, and if so, the amount and terms thereof.

In response to Judge McCurn's decision of December 17, 1982, NIMO interposed a complaint seeking judgment against the Debtor-in-possession (hereinafter, Debtor) allowing it to setoff a pre-petition security deposit against the indebtedness which was due to it prior to the Debtor's filing for bankruptcy relief on January 11, 1982. NIMO also seeks an order requiring the Debtor to post adequate assurance covering the period subsequent to January 11, 1982 pursuant to § 366 of the Code. Accordingly, NIMO seeks a modification of the automatic stay so that such judgment may be effected.

The Debtor interposed an answer which admits most of the factual allegations in the complaint but generally denies that NIMO is entitled to any setoff of the pre-petition deposit against the subject debt pursuant to § 553 of the Code. The Debtor has not interposed any affirmative defenses.

## FACTUAL BACKGROUND

The Debtor-in-possession operates two businesses, one at 3385 Oneida Street, Chadwicks, New York and another on Commercial Drive, Route 5A, in the Town of New Hartford, New York. The Oneida Street operation is the principal operation of the Debtor and is billed every two months. The Commercial Drive property uses only electricity and is of a minimal nature. It is no longer occupied by the Debtor and is partially leased.

Prior to the filing of the petition herein, the Debtor had deposited $1,740.00 with NIMO and at the time of the filing of the petition owed to NIMO the sum of $1,444.29. Of the $1,740.00, $340.00 had been taken as a security deposit at the Commercial Drive location. This deposit was applied to the debt owed to NIMO by the Debtor.

The Bankruptcy Court had ordered NIMO to hold the sum of $1,740.00 as a security deposit for the continuation of gas and electric service to the Debtor at the Oneida Street and Commercial Drive locations so long as the Debtor remained current in the payment for said services and that the deposit was to constitute adequate assurance of payment for future services rendered to the Debtor by NIMO, subject to further order of the Court.

On appeal by NIMO, District Court Judge McCurn held that the deposit could not be used as adequate assurance of payment for future services and remanded the case for a determination whether a monetary security deposit is required for adequate assurance of the pre-petition obligation incurred by the Debtor to NIMO.

## DISCUSSION

The issue before the Court is whether NIMO may setoff a pre-petition security deposit posted by the Debtor to a pre-petition obligation owed to it by the Debtor.[1] Section 553 of the Code, which is entitled "Setoff", preserves, with some changes, the right of setoff in bankruptcy cases as was found in Section 68 of the prior Act. H.R. Rep. No. 595, 95th Cong., 1st Sess. 377 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 91 (1978) *cited in* 1978 U.S.Code Cong. & Admin.News, p. 5787.

Under the Code, Congress recognized that:

> the situation for the treatment of setoff in a reorganization case is very different than (sic) in a liquidation case. In order to accomplish a successful reorganization, it is important that business proceed as usual for the debtor. Setoff is an interruption in the conduct of business, and may have detrimental effects on the attempted reorganization.

*House Report* at 183, 1978 U.S.Code Cong. & Admin.News at 6144. Given this sympathetic attitude it was assumed that the Code would have at least retained discretion in the courts to bar setoff when it tends to frustrate the rehabilitation of the debtor. Section 553, however, is made applicable to Chapter 11 proceedings without specific regard for the unique problems associated with entities fighting for their financial lives. *See* 11 U.S.C. § 103(a) (Supp. V 1981).

Collier on Bankruptcy asserts that:

> The right of setoff under section 553 is permissive, not mandatory. Its application, when properly invoked before a court, rests in the discretion of that court, which exercises such discretion under the general principles of equality.

4 Collier on Bankruptcy ¶ 553.02 at 553–10–11 (15th ed. 1983).

■ Within this statutory framework, the Court must examine NIMO's entitlement to setoff. Under the terms of § 553 a creditor may offset mutual debts owing to the debtor against claims of the creditor due from the debtor. These mutual debts must be owing when the petition is filed commencing the bankruptcy case. 11 U.S.C. § 553(a); *see Avant v. United States,* 165 F.Supp. 802, 805 (E.D.Va.1958). NIMO argues that as of January 11, 1982, it should be allowed to setoff part of the $1,740.00[2] it then owed the Debtor against the Debtor's pre-petition debt of $1,444.29. Section 553(a)(3) asserts, in pertinent part, that:

> (a) ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except that—
>
> > (3) the debt owed to the debtor by such creditor was incurred by such creditor—
> >
> > > (A) after 90 days before the date of the filing of the petition:
> > >
> > > (B) while the debtor was insolvent: and
> > >
> > > (C) for the purpose of obtaining a right of setoff against the debtor.

Only the $340.00 deposit which created a debt owed to the Debtor was incurred by

---

1. The District Court affirmed this Court's holding that legal and equitable title to the money deposited with NIMO by the Debtor remains in the Debtor, subject to the contingencies under which it was made. Such being the case, it remains the property of the estate.

2. Deposits of $1,400.00 and $340.00 were obtained from the Debtor on July 17, 1981 and November 24, 1981, respectively.

NIMO within the ninety-day period before bankruptcy. The Debtor is presumed insolvent during that ninety-day period; *see* 11 U.S.C. § 553(c), and NIMO collected the deposit for the purpose of obtaining a right of setoff against the Debtor. Clearly then, NIMO may not be allowed the right of setoff as to the $340.00 deposit made by the Debtor prior to bankruptcy.

With respect to the $1,400.00 which was on deposit with NIMO for the account of the Debtor as of July 17, 1981, NIMO failed to exercise its right of setoff prior to the ninety-day period before the Debtor filed its bankruptcy petition. Consequently, title to this deposit was transferred to the Debtor's estate as of the date of the petition. The Court must now use its discretion in deciding whether NIMO may be permitted to use this money to offset the pre-petition debt owed by the Debtor. Upon review of the record and applying the guidance cited *supra,* the Court finds that the Debtor is an independent contractor engaged in the business of floor maintenance. To remove further working capital from the Debtor at this time by way of setoff would result in jeopardizing the Debtor's prospects for a successful reorganization. It would deprive the Debtor of the protection of Chapter 11 when it needs it most. To permit setoff would be inconsistent with Chapter 11 of the Bankruptcy Code and not in the best interest of any of the creditors. The Court, therefore, holds that NIMO is not entitled to setoff of the Debtor's pre-petition debt.

The next issue for disposition is what type of adequate assurance is NIMO entitled to pursuant to § 366[3] of the Code. In his decision, Judge McCurn found that bankruptcy courts must be afforded reasonable discretion in determining what constitutes "adequate assurance" of payment for continuing utility services. The record indicates that NIMO has requested a deposit of $1,740.00 on the Debtor's account to cover an estimated highest consecutive two-month usage for both of his properties. Upon consideration of the Debtor's current financial plight coupled with this Court's holding that NIMO is not entitled to setoff of the Debtor's pre-petition debt, the Court finds $750.00 to be adequate assurance for continuing utility service to the Debtor. The Court notes that NIMO also possesses an administrative expense priority which, if the reorganization proves successful, will guarantee all payments which are due to it and further that the Debtor is under a continuing order to keep the payment for post petition usage of power current.

By reason of the foregoing, it is, therefore,

ORDERED that the complaint of NIMO be and the same is hereby dismissed to the extent set forth herein, without costs; and it is further

ORDERED that NIMO retain $750.00 of the deposit as adequate assurance of future payment by the Debtor and return to Debtor the remaining monies currently held on deposit for its account.

---

**3.** Section 366 of the Code states, in pertinent part, that:

    (b) [A] utility may alter, refuse, or discontinue service if neither the trustee nor the debt-or, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. . .