**In re MARTA GROUP, INC., Debtor.**

**MARTA GROUP, INC., Plaintiff,**

**v.**

**COUNTY APPLIANCE COMPANY, INC., Defendant.**

**Bankruptcy No. 83–01276G.**
**Adv. No. 83–1347G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 26, 1985.

Pace Reich, Geoffrey L. Steiert, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for debtor/plaintiff, Marta Group, Inc.

Richard J. Stahl, Stahl & Buck, P.C., Annandale, Va., for defendant, County Appliance Co., Inc.

David S. Hope, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The vortex of the controversy before us arises under the debtor's complaint to collect an account receivable and centers on whether a creditor may set off its obligation to the debtor against a claim which the creditor holds against the debtor. Since the creditor's claim against the debtor is subordinate to the claims of all credi-

tors, the two obligations lack the requisite mutuality for set off thus entitling the debtor to judgment on the complaint.

The facts of this case, drawn largely from the parties' stipulation of facts and an exhibit incorporated therein, are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). Prior to the filing, the debtor was a nonprofit, cooperative, retailers' buying group which attempted to obtain goods at discounted prices for its members through their combined buying power.

The defendant, County Appliance Company, Inc. ("County Appliance"), was drafted into the cooperative on its payment to the debtor of $30,233.69 for a subvention certificate, although it is disputed whether County Appliance actually received the certificate. As a constituent of the cooperative, County Appliance purchased merchandise worth $29,404.42 on credit through the debtor.[2]

The debtor filed the complaint before us to recover the $29,404.42 and we find that this amount is still owing. In its answer to the complaint County Appliance defends against the action by asserting its right to set off the $30,233.69 sum it paid to the debtor for the subvention certificate against the $29,404.42 debt. As briefly stated above, the issue is the propriety of setting off the two sums.

As stated in 11 U.S.C. § 553(a) of the Code:

> (a) Except as otherwise provided in this section and in section 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a) (in part). Some notable points on § 553 are aptly summarized in a leading treatise on bankruptcy:

> [Section 553] does not, however, create any new right of setoff when none exists under non-bankruptcy law. It merely recognizes the existence of the doctrine of setoff, and adds some additional restrictions to its application....
>
> [S]ection 553 is not intended to enlarge the doctrine or to permit a setoff when the general principles of legal or equitable setoff did not previously authorize it.

4 *Collier on Bankruptcy* ¶ 553.02 at p. 553–9 (15th ed. 1985). Thus, setoff in bankruptcy is allowable only if it passes muster under § 553 and under applicable nonbankruptcy law.

Under § 553 and nonbankruptcy law, setoff cannot be effected if the opposing obligations lack the requisite mutuality. "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." 4 *Collier on Bankruptcy* § 553.04[3] at 553–22 (15th ed. 1985).

In the case before us County Appliance claims that its payment for the subvention certificate gives it a claim against the debtor. Under applicable Pennsylvania law such a certificate may be issued by a nonprofit corporation if the bylaws so provide. 15 Pa.Cons.Stat. § 7542(a).[3] The

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. County Appliance initially purchased on credit goods costing $34,982.00 but the debtor concedes that this figure is subject to a set off of $5,577.58 for a net figure of $29,404.42.

3. § 7542 Subventions

(a) General rule—The bylaws may provide that the corporation shall be authorized by resolution of the board of directors or other body to accept subventions from members or nonmembers on terms and conditions not inconsistent with this article, and to issue certificates therefor. The resolution of the board or other body may provide that holders of subvention certificates shall be entitled to a fixed or contingent periodic payment out of the corporate assets equal to a percentage of the original amount or value of the subvention. The rights of holders of subvention certificates shall at all time be subordinate to the rights of creditors of the corporation.

state's corporate statute provides that by resolution of the board the holders of a corporation's subvention certificates shall be entitled to a fixed or contingent periodic payment out of the corporate assets equal to a percentage of the original amount or value of the subvention. § 7542(a). The statute further states that on dissolution of the corporation the holders of the subvention certificates may be entitled to repayment of the original purchase price of the subvention. § 7542(g). It thus appears that subvention certificates are, in fact, a particular variety of debt instrument and, as such, ostensibly would be subject to set off against a creditor's obligations to the debtor. Allowing the right of set off would, of course, diminish the debtor's recovery against County Appliance. With less funds to augment the estate, there would be less money to distribute in bankruptcy to the debtor's creditors. Thus the propriety of the setoff with the subvention certificate pits one of the holders of such a document against the other creditors of the debtor. As stated in Pennsylvania's corporation statute, "The rights of holders of subvention certificates shall at all times be subordinate to the rights of creditors of the corporation." § 7542(a). The statute elsewhere states that, on dissolution of a corporation, the holders of its subvention certificates may receive reimbursement for the purchase price only "after the claims of creditors have been satisfied." Since the claims of general creditors are favored by Pennsylvania law over the claims of subvention holders on their certificates, and since set off would favor the subvention holder rather than the general creditors,

we conclude that set off is not allowable. This result is supported by an analogous line of authority barring set off where the trustee of a debtor corporation seeks recovery from a stockholder of the amount of an unpaid subscription for stock although the debtor owes money to the stockholder. 4 *Collier on Bankruptcy* ¶ 553.04 at pp. 553–26 to 553–30 (15th ed. 1984); *Sawyer v. Hoag,* 84 U.S. (17 Wall.) 610, 622, 21 L.Ed. 731 (1873).[4] It is likewise supported by the companion case of *Marta Group, Inc. v. Perlstein's, Inc.,* 47 B.R. 220 (Bankr.E.D. Pa.1985).

Accordingly, we will enter judgment in the amount of $29,404.42 in favor of the debtor and against County Appliance.

---

\* \* \* \* \* \*

(g) Rights of holders on dissolution—Holders of subvention certificates, upon dissolution of the corporation shall be entitled, after the claims of creditors have been satisfied, to repayment of the original amount or value of the subvention plus any periodic payments due or accrued thereon, unless a lesser sum is specified in the resolution of the board of directors or other body concerning such subvention.

15 Pa.Cons.Stat. § 7542 (Purdon 1985 Supp.).

**4.** Debts to be subject to setoff must be mutual; must be in the same right. The case before

us, however, is not of that character. The debt which appellant owed for his stock was a trust fund devoted to the payment of all the creditors of the company. As soon as the company became insolvent, the right of setoff for an ordinary debt to its full amount cease. It became a fund belonging equally in equity to all creditors and could not be appropriated by the debtor to the exclusive payment of his own claim. *Sawyer v. Hoag,* 84 U.S. (17 Wall.) 610, 623, 21 L.Ed. 731 (1873).

*Livingston v. Adams,* 226 Mo.App. 824, 43 S.W.2d 836 (1931).