## In re INTERMOUNTAIN PORTA STORAGE, INC., Debtor.

**Paul G. QUINN, Trustee, Plaintiff,**

v.

**MONTROSE STATE BANK, Defendant.**

No. 84 J 1019.

United States Bankruptcy Court, D. Colorado.

April 15, 1986.

As Amended May 22, 1986.

James Scott Detamore, Aurora, Colo., for plaintiff.

Glenn W. Merrick, Davis, Graham & Stubbs, Denver, Colo., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER is before the Court on the Motion for Summary Judgment of the Montrose State Bank, seeking judgment in its favor in the action filed by Mr. Paul Quinn, the Trustee in the underlying case. The Trustee's Complaint alleges that the Montrose State Bank acted illegally in setting off $19,727.34 from the account of the Debtor against the amount the Debtor owed to the Bank. The facts giving rise to this Complaint are as follows.

In July of 1982, the Bank made two loans to the Debtor totalling approximately $53,-000.00, secured by accounts receivable and proceeds. This security interest was properly perfected. On September 1, 1982, the Bank's statement showed that the Debtor's account contained a balance of $23,259.00. On September 2, 1982, the Debtor deposited $33,122.00 in the form of two checks from its accounts receivable. Twelve days later, on September 14, 1982, the Bank set off $19,727.34. At that time, $21,373.05 was in the account, and the Bank's setoff resulted in a $16,795.98 decrease in the amount of the Debtor's insufficiency. The Debtor filed its petition in bankruptcy in November of 1982.

The Bank citesformer Judge Gueck's decision in *In re Balducci Oil*, 33 B.R. 847 (Bankr.Colo.1983) to support its contention that section 547 may not be used to avoid a setoff. It also contends that section 553 does not apply to its setoff, because, under the Colorado version of the Uniform Commercial Code, a perfected security interest continues in proceeds, and in this case the proceeds are identifiable under an equitable principle known as the "lowest intermediate balance" rule.

The Trustee brought his action on December 7, 1984, seeking to recover the $16,-795.98 decrease in the insufficiency. He bases his request on two theories. First, he alleges that the setoff meets the standards defining a preference under 11 U.S.C. § 547. Second, he asserts that the setoff is wrongful under section 553 of the Code. The Trustee argues that the proceeds of the accounts receivable were not identifiable in the Debtor's commingled account, and that the "lowest intermediate balance" rule advanced by the Bank does not operate to identify the funds, because that rule applies only in trust situations. He claims that, under the Colorado Uniform Commercial Code, there is no security interest in the proceeds since they were not identifiable, and were not deposited within ten days of the petition.

The standards for summary judgment set out in F.R.Civ.P.Rule 56 apply to cases in bankruptcy pursuant to Bankruptcy Rule 7056. Summary judgment is con-

sidered a drastic remedy. *Jones v. Nelson* 484 F.2d 1165, 1168 (10th Cir.1973). It may only be granted where no genuine issue of material fact exists. *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1383 (10th Cir. 1980). The movant must demonstrate, beyond reasonable doubt, that he is entitled to judgment as a matter of law. *Norton v. Liddell,* 620 F.2d 1375, 1381 (10th Cir. 1980).

In this case, none of the above facts are disputed by the parties. In addition, no evidence was presented to suggest the existence of a material issue of fact.

Therefore, only legal issues remain to be addressed in the case. The Court must determine if the Trustee may employ sections 547 and 553 to avoid the setoff. If those sections cannot be used in this case, the Court must further find if any applicable non-bankruptcy law precludes the setoff. In deciding these issues, the Court must view the facts in the light most favorable to the party opposing summary judgment. *Norton, supra,* at 1381.

In *In re Balducci Oil Co., Inc.,* 33 B.R. 847, 852 (Bankr.Colo.1983), former Judge Gueck held that section 547 does not apply to setoff situations. He noted that the legislative history specifically indicated Congress' intent, through passage of a separate provision, section 553, to treat setoffs independently from other pre-petition transfers. *Id.* The instant case does not present facts so dissimilar to those in *Balducci,* nor any contrary argument so convincing, as to pursuade this Court that the reasoning in *Balducci* should not be followed. The Court therefore finds that the setoff here cannot be avoided as a preference under section 547, because setoffs do not fall within the scope of that section.

[2] Section 553 places certain limitations on the right of setoff. First, only mutual debts may be set off. *In re Marta Group, Inc.,* 53 B.R. 102, 103, (Bankr.Penn. 1985). This means that the two parties must have "full and concurrent rights against each other." *In re Braniff Airways, Inc.,* 42 B.R. 443, 447 (Bankr.N.D.

Texas 1984). Second, section 553(a) provides that a creditor may not set off a claim which was transferred to the creditor by an entity other than the debtor, within 90 days of the date of the bankruptcy petition, if the Debtor was insolvent, nor may a creditor set off a debt the creditor incurred within 90 days of the bankruptcy petition, where the Debtor was insolvent and the debt was incurred for the purpose of obtaining the right of setoff. *In re Utica Floor Maintenance, Inc.,* 31 B.R. 509, 511–512 (Bankr.N.D.New York 1983). Third, section 553(b) sets up an "insufficiency test" to evaluate the validity of setoffs. A setoff will be invalid to the extent that the "insufficiency," or the amount by which the claim against the Debtor exceeds that amount owing to the Debtor, is less on the date of the setoff than on the date 90 days before the bankruptcy filing or on the first date during those 90 days on which there is an insufficiency. Judge Gueck explained that this test resembles the "improvement in position" test of section 547(c)(5). *Balducci, supra,* at 851.

The Trustee argues that he is attempting to avoid just such a decrease in insufficiency. The Bank, however, states that section 553(b) does not apply to setoffs of cash on deposit when that cash is proceeds of a properly perfected security interest. The Bank points out that the *Balducci* case involved unsecured debts, and urges that since a fully secured creditor does not improve its position in relation to the other creditors by obtaining possession of the collateral, section 553(b) cannot operate in the present case. A number of cases, most notably *In re The Union Cartage Co.,* 38 B.R. 134 (Bankr.N.D.Ohio 1984), support the Bank's contention.

In *Union Cartage,* the Court recognized that section 506(a) divides the claim of an undersecured creditor into two claims, one fully secured and one unsecured, and noted that section 553(b) defines an "insufficiency" in terms of a "claim." *Id,* at 138. The Court stated: "[A] creditor cannot improve its position with respect to a secured claim. A secured claim there-

fore, cannot be subject to an insufficiency under section 553(b). Stated differently, only an unsecured claim can be subject to an insufficiency." *Id.*

The Montrose State Bank therefore possessed two claims against the Debtor. One claim is secured, for the amount of collateral in the form of proceeds held in the Debtor's account. The other claim is unsecured, for the balance of the two loans.

■ The proceeds deposited in the account may be identified using the lowest intermediate balance rule propounded by the movant. Although the doctrine originated from the law of trusts, it has been employed frequently in bankruptcy cases and other cases involving set off. *See, Universal C.I.T. Credit Corp. v. Farmers Bank of Partagenille,* 358 F.Supp. 317 (E.D.Mo.1973); *In re Turner,* 13 B.R. 15 (Bankr.Nebr.1981); *In re Guaranteed Muffler Supply Co.,* 27 U.C.C.Rep. 1228 (Bankr.N.D.Ga.1980); *In re Martin,* 25 B.R. 25 (Bankr.N.D.Texas 1982). The court in *Martin* explained that the lowest intermediate balance rule means that proceeds in a commingled account are identifiable where the account has equalled or exceeded the amount of the deposit of proceeds at all times since the desposit. *Martin, supra,* at 28. If the account falls below the amount of the deposited proceeds, subsequently added funds do not increase the balance. *Id.* It follows therefore that the Montrose State Bank could identify the proceeds in the Debtor's account. Using the lowest intermediate balance rule, the proceeds sank to the "bottom" of the account, and stayed there after other deposits were spent. Under the provisions of the Code, therefore, the amount of the setoff, $19,727.34, may be considered identifiable proceeds in which the bank held a security interest.

The only remaining question is whether any applicable non-bankruptcy law invalidates the setoff. C.R.S.1973 § 4–9–306(4) provides:

In the event of insolvency proceedings instituted by or against a debtor, a party with a perfected security interest in pro-

ceeds has a perfected security interest only in the following proceeds:

... (d) In all cash and deposit accounts of the debtor in which proceeds have been commingled with other funds, but the perfected security interest under this paragraph (d) is:

(I) Subject to any right of setoff; and (II) Limited to an amount not greater than the amount of any cash proceeds received by the debtor within ten days before the institution of the insolvency proceedings less the sum of (I) the payments to the secured party on account of cash proceeds received by the debtor during such period and (II) the cash proceeds received by the debtor during such period to which the secured party is entitled under paragraphs (a) and (c) of this subsection (4).

■ The calculation described in § 4–9–306(4)(d)(II) does not affect the perfected security interest in the instant case because "the change in existing law made by this Section relates to non-identifiable proceeds." C.R.S.1973 § 4–9–306, Official Comment. In the case at bar, the proceeds are clearly identifiable. In addition, as discussed above, under the Bankruptcy Code the Bank's interest in the proceeds is secured, so Colorado law cannot be interpreted to render its interest unsecured. To do so would frustrate the clear purpose of the Code. *Dantus v. First Federal Savings and Loan Assn. of Denver,* 502 F.Supp. 658, 660, (D.C.Colo.1980); *see also, Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). The $19,727.34 in this case falls within the category of amounts where there exists a "right of set off," since it is comprised of identifiable proceeds and the claim is fully secured. It is a claim to which amounts covered by § 4–9–306(4)(d) are *subject,* pursuant to section § 4–9–306(4)(d)(I).

For the above reasons, the Court finds that the setoff of Montrose State Bank in the amount of $19,727.34 was proper and cannot be avoided by the Trustee under

section 547, section 553, or state law. It is, therefore,

ORDERED that summary judgment shall enter in favor of the defendant, Montrose State Bank. Each party shall bear its own costs in this matter.