**MARTA GROUP, INC.**

v.

**COUNTY APPLIANCE CO., INC.**

**Civ. A. No. 86–6875.**

United States District Court,
E.D. Pennsylvania.

Sept. 9, 1987.

## MEMORANDUM OPINION

CAHN, District Judge.

In this action defendant County Appliance Co., Inc. (County) appeals from a decision of the bankruptcy court denying County the opportunity to setoff a trade debt to plaintiff Marta Group, Inc. (Marta) with a claim to redemption of its subvention certificate in plaintiff's corporation. County argues that the bankruptcy court erred in denying setoff and in failing to consider evidence that its claim vested prior to the filing of Marta's bankruptcy petition.

### I. FACTS

Marta operated as a nonprofit, cooperative, retailers' buying group that purchased appliances in bulk at discounted prices for its members, who were required to pay a subvention for their membership privileges. Upon joining Marta, County paid $30,733.69 for its subvention certificate. Although it is unclear whether the subvention certificate set out the rights and privileges of subvention holders, the corporate bylaws dictate the right of subvention holders to redeem their certificates. Under the bylaws if a member withdrew from the group, it was entitled to the redemption of its subvention certificate upon "an affirmative showing ... to the executive committee that the financial condition of the Corporation will permit the required payment to be made without impairment of the operations of the Corporation or injury to its creditors." Bylaws, Art. II, § 2–3; *see also* 15 Pa.Cons.Stat. § 7542(f).

On December 2, 1982 County notified Marta of its intention to withdraw its membership. The minutes of an executive committee meeting of December 7, 1982 note: "County resignation accepted. Payment terms and conditions are being worked out and will be made known to all members shortly." A copy of the minutes was received by County.

On March 25, 1983 Marta filed a petition for relief under Chapter 11 of the Bankruptcy Code. Shortly thereafter Marta brought suit in the United States Bankrupt-

cy Court against County to recover an account receivable[1] due for merchandise ordered and delivered and County raised setoff as a defense. Marta and County agreed to have the case decided on the basis of the briefs and a stipulated set of facts. They also agreed that each party would be limited to one brief. County was to file first, followed by Marta.

The submitted stipulation of facts made no mention of County's withdrawal from Marta or of the minutes of the December 7, 1982 executive committee meeting. County also made no mention of the minutes in its brief. County did, however, state that it had withdrawn its membership on December 2, 1982 and argued that this resignation obliged Marta to redeem County's subvention. Anticipating one of Marta's contentions, County also argued that § 5–5 of Marta's Bylaws, forbidding setoff of any obligations owed Marta by any member, only related to excess assessment and, therefore, did not apply under these circumstances. In its brief, Marta ignored County's contention that County had withdrawn from Marta prior to the filing of the bankruptcy petition. Marta argued that County lacked a valid and enforceable claim and that County had no right of setoff because § 5–5 of Marta's Bylaws prohibited setoff of any debts owed Marta by any of its members.

Several weeks after the briefs had been filed County filed a "Reply Memorandum" to disclose "new evidence"—specifically, a copy of the minutes of the December 7, 1982 meeting of Marta's executive committee.[2] County argued that the evidence contradicted Marta's contention that County

had no valid and enforceable claim against Marta. Marta responded with a motion to strike, citing the parties' stipulated limitation of one brief per party.

County argued that the court should consider the evidence and the accompanying memorandum under Rule 59 of the Federal Rules of Civil Procedure,[3] authorizing the granting of new trials, because Marta had withheld the evidence in bad faith during discovery.[4] Notwithstanding these arguments, the bankruptcy court granted Marta's motion and ordered that the court's decision would "be based on the Stipulation of the Facts ..., together with the bylaws, and the [first two] Briefs of Law."

On September 26, 1985, the bankruptcy court denied County's setoff defense, 53 B.R. 102. The judge reasoned that because Pennsylvania law subordinates the rights of subvention holders to the rights of the corporation's general creditors, 15 Pa.Cons. Stat.Ann. § 7542 (Purdon Supp.1986), the two debts lacked the mutuality required by the setoff provision of the Bankruptcy Act, 11 U.S.C. § 553 (1982). In its analysis, the court treated County's claim as one arising from Marta's bankruptcy rather than from a separate agreement. On October 7, 1985, County filed a motion for reconsideration. The bankruptcy court scheduled a hearing; however, County did not appear, and its motion was subsequently dismissed. By order dated February 12, 1986, the court found that County had not received notice of the prior hearing, but did not reschedule the hearing. County then filed a motion to set aside the court's dismissal of its original motion for reconsideration. This motion also was denied.

1. Marta originally sued to recover $38,616.77, but this amount was reduced to the current figure of $29,404.42 through setoff of claims which the parties agreed were properly credited to County.

2. County claims that it came across the minutes while in the process of relocating.

3. Applicable to bankruptcy court proceedings through Bankruptcy Rule 9023, Title 11 of U.S. Code, "in action[s] tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States," Fed.R.Civ.P. 59.

4. Both of these reasons would also have constituted grounds for relief from a judgment or order under Rule 60 of the Rules of Civil Procedure. See Fed.R.Civ.P. 60(b) (applicable through Bankruptcy Rule 9024, Title 11 of U.S. Code.)

County claimed that Marta was aware of the evidence and should have turned it over to County in response to County's discovery request for "[a]ny writings constituting a subvention agreement or in any way related to the subvention certificates...."

## II. DISCUSSION

County presents three issues for consideration in this appeal. County argues that the bankruptcy court erred in striking County's reply brief and proffered evidence, ruling that subordinated debts cannot be setoff, and denying County's motion to reconsider and its motion to set aside the denial of the motion for reconsideration. In response Marta defends the bankruptcy court's decisions and challenges the jurisdiction of this court on a procedural issue.

### A. *Jurisdiction*

■ As a threshold issue Marta asserts that this court lacks jurisdiction because County did not file its appeal from the bankruptcy court in a timely manner. Marta argues that County was required to file its appeal within ten days of the bankruptcy court's original order, even though a post-trial motion was pending within the ten days prior to County's deadline for filing this appeal.[5] Under the bankruptcy rules if a motion to alter or amend judgment is timely filed under Bankruptcy Rule 9023 the time for appeal for all parties shall run from the entry of the order granting or denying the motion. *See* Bankruptcy Rule 8002(b), Title 11 U.S.Code. County's filing of its appeal within ten days of the bankruptcy court's order denying Marta's motion to alter or amend judgment, the final motion outstanding, is therefore proper.

### B. *Motion to Strike the Reply Brief*

■ Before ruling on County's setoff defense the bankruptcy court refused to consider County's reply brief and the evidence of its statement of resignation to Marta in December, 1982. County argues that this ruling was erroneous. I disagree.

If the court had admitted County's reply brief and evidence, it would have negated the parties' agreement concerning the stipulation of facts and the limitation on the filing of briefs. "[S]tipulations entered into freely and fairly shall not be set aside except to avoid manifest injustice," *Henry v. Commissioner of Internal Revenue,* 362 F.2d 640, 643 (5th Cir.1966), "or if the evidence contrary to the stipulation [is] substantial." *Loftin v. Woodard, Inc. v. United States,* 577 F.2d 1206, 1232 (5th Cir.1978).

Because it is not probative of an agreement between Marta and County, the evidence proffered by County does not satisfy these high standards. The minutes establish only that County might have been able through further discovery to prove an agreement to redeem County's subvention certificates. The proffered evidence does not state that an actual agreement was reached nor make the affirmative showing, required by the Bylaws and the Pennsylvania subvention statute, 15 Pa.Cons.Sta. § 7542(f) (Purdon Supp.1986), that payment would not impair the operations of the corporation or injure its creditors. Therefore, the evidence is not substantially contrary to the stipulation nor does its exclusion produce manifest injustice. Indeed, because I find, *see* section C, *infra,* that admission of the evidence and the brief would not have resulted in County's being allowed to set off its debt, the bankruptcy judge's refusal to consider County's evidence, if error at all, was harmless.

### C. *Denial of Setoff*

■ The Bankruptcy Code permits those who are both debtors and creditors of the bankrupt to offset any mutual debts against one another to arrive at a final balance between the parties. 11 U.S.C. § 553(a) (1982). However, to be available for setoff, these debts must "arise before the commencement of the case" in bankruptcy. *Id.* A claim which arises only as a consequence of the decision to seek bankruptcy protection does not arise pre-petition and, therefore, falls outside the statute.

■ County's claim against Marta arose as a result of Marta's decision to cease

---

5. In addition to County's motion for reconsideration which was filed on October 4, 1985, Marta filed a motion to alter or amend judgment on October 9, 1985. Although County's motion was dismissed on October 28, 1985, Marta's motion remained undecided until September 29, 1986. On September 10, 1986 County was granted an extention of time to file its notice of appeal. County filed its notice of appeal on October 29, 1986, the final day of the extention.

operations and liquidate all the assets of the corporation. Of course, County argues that the evidence it sought to admit on its withdrawal from Marta shows a valid *pre-petition* claim. As noted, *supra*, this evidence is not highly probative and was properly rejected by the bankruptcy court. Because there is no evidence admitted in the record to prove that County had a *valid* pre-petition claim against Marta, I find that County's claim arose as a consequence of Marta's entrance into bankruptcy proceeding and is, therefore, ineligible for set off.

■ Even if County was able to prove a valid pre-petition claim it must also show that the debt is mutual and enforceable. 11 U.S.C. § 553(a). County's contention is that an agreement to redeem County's subvention certificate was reached prior to the petition and should be characterized as a mutual and enforceable contract claim. I disagree. "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." 4 *Collier on Bankruptcy* § 553.04[3] at 553–22 (15th ed. 1985). Because analysis of the relevant Pennsylvania statutes reveals that the legislature intended subvention certificates to be subordinate to other obligations of the corporation, even a valid agreement to redeem these certificates cannot be held to be in the same right and, therefore, fails to satisfy the mutuality requirement of the statute.

If authorized by the corporate bylaws, section 7542 of Title 15 of the Pennsylvania statutes allows a corporation to accept subventions from its members, and holders of these certificates may "be entitled to ... repayment of the original purchase price of the subvention." 15 Pa.Cons.Stat.Ann. § 7542 (Purdon Supp.1986). However, "the rights of holders of subvention certificates shall *at all times* be subordinate to the rights of creditors of the corporation." *Id.* at § 7542(a) (emphasis added). Further, subvention holders may only redeem their certificates "upon an affirmative showing that the financial condition of the corporation will permit the required payment to be made without impairment of its operations or injury to its creditors." *Id.* at § 7542(f).

Thus, one of the clear intentions of this statute is to protect the creditors and the corporation from financial harm at the hands of subvention holders.

Certainly, other creditors of Marta may be harmed by permitting County to set off its subvention claim. As the bankruptcy court below explained,

> [a]llowing the right of set off would, of course, diminish the debtor's recovery against County Appliance. With less funds to augment the estate, there would be less money to distribute in bankruptcy to the debtor's creditors. Thus the propriety of the set off with the subvention certificate pits one of the holders of such a document against the other creditors.

At 104.

As described in the Pennsylvania statutes, the claims of general creditors are favored by Pennsylvania law over the claims of subvention holders related to their certificates. Because setoff would benefit County at the expense of other creditors, I must concur with the bankruptcy court's holding that setoff is not allowable.

I also agree with the bankruptcy court that this result is supported by an analogous line of cases barring setoff in the context of capital stock subscriptions. *See Sawyer v. Hoag*, 84 U.S. (17 Wall.) 610, 622, 21 L.Ed. 731 (1873); 4 *Collier on Bankruptcy* § 553.04 at pp. 553–26 to 553–30 (15th ed. 1984). In *Sawyer*, the Court held that a debt owed to the debtor on an unpaid stock subscription could not be set off by the stockholder against a claim on a loan agreement because the two debts were not "in the same right." *Id.* The Court reasoned that the subscription debt constituted a trust fund for all the general creditors of the bankrupt corporation and, therefore, could not be used by the stockholder to pay off his own claim. The Court stated,

> [T]he capital stock of a corporation ... is a trust fund for the benefit of the general creditors of the corporation.... The debt which the appellant owed for his stock was a trust fund devoted to the payment of all the creditors of the com-

pany. As soon as the company became insolvent, and this fact became known to the appellant, the right of set-off for an ordinary debt to its full amount ceased. It became a fund belonging equally in equity to all the creditors, and could not be appropriated by the debtor to the exclusive payment of his own claim.

*Sawyer v. Hoag*, 84 U.S. at 622.

Like the capital stock in *Sawyer*, the payments for subvention certificates should constitute a trust fund for the benefit of general creditors.[6] To hold that an agreement to redeem the subvention certificate was available for setoff would improperly invade the fund and violate the legislature's intent. Therefore, the decision of the bankruptcy court that the debts are not mutual must be affirmed.

### D. Denial of Motions for Reconsideration

County argues that the bankrutpcy court erred in denying its Motion for Reconsideration and Motion to Set Aside Court's Denial of Defendant's Motion for Reconsideration. The standard of review of a bankruptcy judge's denial of a motion for reconsideration is whether the bankruptcy judge abused his discretion. *In Re W.F. Hurley, Inc.*, 612 F.2d 392 (8th Cir.1980). Under the bankruptcy rules the reconsideration of an order allowing or disallowing a claim against the estate is discretionary with the bankruptcy court. Rule 307 of Bankruptcy Rules of Procedure. Indeed, the court may decline to reconsider an order without notice to any adverse party and without affording a hearing to the movant. *See* Advisory Committee's Note to Rule 307, Rules of Bankruptcy Procedure; *Hurley*, 612 F.2d at 395. Because the bankruptcy court is given such wide latitude to decide motions for reconsideration, I hold that the bankruptcy court's denial of the motions in this action was not an abuse of discretion and must be affirmed.

---

**6.** My affirmance of the bankruptcy court's decision on the mutuality issue is bolstered by the Third Circuit's holding in *In Re Trimble Co.* that because "[t]he Courts of Pennsylvania subscribe to the proposition that the capital stock of a corporation is considered to be a trust fund for

### E. Conclusion

For the foregoing reasons the opinion of the bankruptcy court is hereby affirmed.

the benefit of its creditors" a note, given by the corporation in exchange for its stock, though valid, is unenforceable if the corporation is insolvent at the time of maturity. *In Re Trimble Co.*, 339 F.2d 838, 843 (1964).